

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXX
WILL WILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-4259
Re: Authority of State Board of
Control to approve for payment
an account for the purchase of
oil and gas which is over two
years old.

You attach to your letter of March 19th a file concerning a
statement submitted for payment to your department by the Gulf
Oil Corporation, covering an account for the purchase of
certain items from the Gulf Oil Corporation during the month
of September, 1939. You ask the opinion of this department upon
the question of whether the State Board of Control would be
within its authority in approving this account for payment,
inasmuch as it is over two years old. The question, therefore,
is confined to the inquiry whether the fact that this account
was incurred more than two years ago precludes its approval by
the State Board of Control, and our opinion is limited to
answering that question.

Apparently your inquiry is prompted by the provisions of Article
4357, Revised Civil Statutes of Texas, 1925, as amended by Acts
1931, Forty-second Legislature, page 400, Chapter 243, Section
1. This law provides in part as follows:

"No claim shall be paid from appropriations unless presented to
the Comptroller for payment within two years from the close of
the fiscal year for which such appropriations were made, but
any claim not presented for payment within such period may be
presented to the Legislature as other claims for which no appro-
priations are available. . ."

It is to be noted that the computation of the two years period
of limitation for presentation of claims for payment to the
Comptroller is, by the terms of the statute, made from the
close of the fiscal year for which the appropriation against
which the claim was incurred was made, not from the date on
which the claim was incurred.

Honorable John D. Reed, Commissioner, Page 2, O-4259

It appears that this account was incurred during the month of September, 1939. Obviously, therefore, it must have been incurred against an appropriation made to the Bureau of Labor Statistics for the fiscal year beginning September 1, 1939, and ending, or closing, on August 31, 1940. Two years from the close of this fiscal year, therefore, would extend the period of limitation to and through August 31, 1942. It is apparent, therefore, that the claim has been presented for payment within two years from the close of the fiscal year for which the appropriations against which claim was incurred were made.

Notice, perhaps, should be taken of the provisions of Article 4371, Vernon's Revised Civil Statutes of Texas, which provides in part as follows:

"No money shall be paid out of the Treasury except on the warrants of the Comptroller, and no warrant shall be paid by the Treasurer unless presented for payment within two years from the close of the fiscal year in which such warrant was issued, . . ."

The period of limitation prescribed by this Article has no reference to the matter of the issuance of a warrant for payment but, as is plain from the language used, prescribes only the period within which the holder of a warrant duly issued must present said warrant for payment. In the instant situation, apparently no warrant has ever been issued, and therefore Article 4371 has no application.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ R. W. Fairchild

By     R. W. Fairchild
       Assistant

RWF:LM/cg

P. S. The file attached to your letter of request is returned to you herewith

APPROVED MARCH 26, 1942
s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee, By BWB, Chairman